IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
)
v. ) Criminal No. 07-31    Erie
)
MICHAEL THOMAS JOYCE )

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I.   THE INDICTMENT

A Federal Grand Jury returned a ten-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Mail fraud<br>On or about<br>August 26, 2002 | 18 U.S.C. §§1341 and 2 |
| 2 | Mail fraud<br>On or about<br>September 17, 2002 | 18 U.S.C. §§1341 and 2 |
| 3 | Mail fraud<br>On or about<br>November 15, 2002 | 18 U.S.C. §§1341 and 2 |
| **COUNT** | **OFFENSE/DATE** | **TITLE/SECTION** |
| 4 & 5 | Engaging in monetary transactions in property derived from specified unlawful | 18 U.S.C. §§1957 and 2 |

|   |   |   |
|---|---|---|
|   | activity On or about November 27, 2002 |   |
| 6 | Engaging in monetary transactions in property derived from specified unlawful activity On or about February 14, 2003 | 18 U.S.C. §§1957 and 2 |
| 7 | Engaging in monetary transactions in property derived from specified unlawful activity On or about March 10, 2003 | 18 U.S.C. §§1957 and 2 |
| 8 | Engaging in monetary transactions in property derived from specified unlawful activity On or about March 19, 2003 | 18 U.S.C. §§1957 and 2 |
| 9 | Engaging in monetary transactions in property derived from specified unlawful activity On or about April 5, 2004 | 18 U.S.C. §§1957 and 2 |

## II.  ELEMENTS OF THE OFFENSES

### A.  As to Counts 1 through 3:

In order for the crime of mail fraud, in violation of 18 U.S.C. §§1341 and 2 to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That there was a scheme or artifice to defraud and to obtain money, property, or the intangible right of honest

services by means of false or fraudulent pretenses, representations or promises.

>Dorland v. United States, 161 U.S. 306, 16 S. Ct. 508, 40 L.Ed.2d 709 (1896); McNally v. United States, 483 U.S. 350, 107 S. Ct. 2875, 97 L.Ed.2d 292 (1987); United States v. Asher, 854 F.2d 1483 (3d Cir. 1988); United States v. Frankel, 721 F.2d 917 (3d Cir. 1983); United States v. Pearlstein, 576 F.2d 531 (3d Cir. 1978); United States v. Zauber, 857 F.2d 137 (3d Cir. 1988); United States v. Martin, 788 F.2d 184 (3d Cir. 1986); 1A L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶44.01 (1992).

2. That the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with the specific intent to defraud.

>Carpenter v. United States, 484 U.S. 19, 107 S. Ct. 1601, 98 L.Ed.2d 275 (1987); United States v. Sturm, 671 F.2d 749 (3d Cir.), cert. denied, 459 U.S. 842 (1982); United States v. Boyer, 694 F.2d 58 (3d Cir. 1982); United States v. Klein, 515 F.2d 751 (3d Cir. 1975); United States v. Pearlstein, 576 F.2d 531 (3d Cir. 1978); 1A L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶44.01 (1992).

3. That the use of the United States mails occurred in the execution or in furtherance of the scheme or artifice to defraud.

>United States v. Maze, 414 U.S. 395, 94 S. Ct. 645, 38 L.Ed.2d 603 (1974); United States v. Sampson, 371 U.S. 75, 88 S. Ct. 173, 9 L.Ed.2d 136 (1962); Peirera v. United States, 347 U.S. 1, 74 S. Ct. 358, 98 L.Ed. 435 (1954); United States v. Ruuska, 883 F.2d 262 (3d Cir. 1989); United States v. Otto, 742 F.2d 104 (3d Cir. 1984), cert. denied, 469 U.S. 1196, 105 S. Ct. 978, 83 L.Ed.2d 980 (1985);

United States v. Sturm, 671 F.2d 749 (3d Cir.), cert. denied, 459 U.S. 842 (1982); United States v. Schall, 371 F. Supp. 912 (W.D. Pa.), aff'd., 503 F.2d 1400 (3d Cir. 1974), cert. denied, 420 U.S. 993, 95 S. Ct. 1432, 43 L.Ed.2d 676, reh. denied, 421 U.S. 972, 95 S. Ct. 1970, 44 L.Ed.2d 463 (1975); 1A L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶44.01 (1992).

**B.   As to Counts 4 through 9:**

In order for the crime of engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. §1957 to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That the defendant knowingly engaged in a "monetary transaction."

2.  The value of the funds or monetary instrument involved in the transaction or attempted transaction exceeded $10,000.00.

3.  The defendant knew that the funds or monetary instrument involved in the transaction or attempted transaction constituted "criminally derived property."

4.  The property involved in the transaction (i.e., the funds or monetary instrument) was, in fact, the proceeds of "specified unlawful activity," as defined in 18 U.S.C. §1956(c)(7).

5.  That the offense took place in the United States or in a special maritime or territorial jurisdiction of the United States.

Authority: 18 U.S.C. §§1957(a), 1957(d)(1), 1957(f)(1) and 1957(f)(2).

### III. PENALTIES

**A. As to Counts 1 through 3 (18 U.S.C. §§1341 and 2):**

1. Individuals - The maximum penalties for individuals are:

    (a) imprisonment for not more than twenty (20) years (18 U.S.C. §1341).

    (b) a fine not more than the greater of:

      (1) $250,000 (18 U.S.C. §3571(b)(3)).

        or

      (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).

    (c) a term of supervised release of not more than three (3) years.

    (d) Any or all of the above.

**B. As to Counts 4 through 9 (18 U.S.C. §1957):**

1. Imprisonment for not more than ten (10) years.

2. A fine of not more than the greater of:

    (a) $250,000.00 (18 U.S.C. § 3571(b)(3));

      or

(b) An alternate fine of not more than twice the amount of criminally derived property involved in the transaction (18 U.S.C. § 1957(b)(2)).

3. A term of supervised release of not more than three (3) years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed on each count upon which the defendant is convicted, pursuant to 18 U.S.C. §3013.

### V. RESTITUTION

Restitution may be required in this case as to Counts One through Ten, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§3663, 3663A, and 3664.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013