IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v.     )<br>)<br>MICHAEL THOMAS JOYCE,    ) | CR. N0. 07-31 Erie |

## OPINION & ORDER ON PRETRIAL DISCOVERY MOTIONS

Presently before the Court are Defendant's "Motion for Preservation and Production of Rough Notes of Interviews and Rough Drafts of Reports of Statements Taken by Government Agents" (Doc. 33), "Motion for Bill of Particulars" (Doc. 35), and "Motion for Pretrial Production of Brady and Rule 16 Material" (Doc. 36). In addition, the government has filed a "Motion to Compel Discovery" (Doc. 44).

**I.     Motion for Preservation and Production of Rough Notes of Interviews and Rough Drafts of Reports of Statements Taken by Government Agents**

Defendant has filed a motion requesting that the Court order that the government investigators retain their rough notes and rough reports. The government indicates that it has instructed its agents to retain their rough notes, as it does in every case. ("Government's Response to Defendant's Motion for Pretrial Production of Brady and Rule 16 Material," at n.1.) "Independent of the government's consent, the Court notes that the Court of Appeals for the Third Circuit requires that the government retain rough notes and writings." United States v. Solomon, 2007 WL 587805 (W.D.Pa. 2007), citing United States v. Ammar, 714 F.2d 238, 258-59 (3d Cir.), *cert. denied*, 464 U.S. 939 (1983). Accordingly, we will enter an order granting Defendant's motion and requiring the government to preserve any such materials.

## II. Motion for Bill of Particulars

Defendant has also filed a motion requesting that the Court issue an Order directing the government to file a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f).

The United States Court of Appeals for the Third Circuit has succinctly explained as follows:

> A bill of particulars is a "formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor [.]" Black's Law Dictionary 177 (8th ed.2004). The purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." [United States v. ]Addonizio, 451 F.2d [49,] 63-64 [(3d Cir.1972)]. Only where an indictment fails to perform these functions, and thereby "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial[,]" United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir.1989) (citing Addonizio, 451 F.2d at 62-63), will we find that a bill of particulars should have been issued.

United States v. Urban, 404 F.3d 754, 771-772 (3d Cir. 2005). In this case, the Indictment is clearly worded and gives the Defendant notice of the essential facts supporting the alleged crimes of mail fraud in violation of 18 U.S.C. § 1341 asserted in Counts 1 through 3, and engaging in monetary transactions in property derived from specific unlawful acts in violation of 18 U.S.C. § 1957 asserted in Counts 4 through 9. Moreover, as noted by the government, any confusion concerning the charges can be eliminated by the an examination of the discovery materials the government has or will make available to Defendant.

The indictment is specific, clear, and detailed and we find that the Indictment informs Defendant of the charges against him and permits him to adequately prepare his defense. We will thus deny Defendant's motion for a bill of particulars.

## III. Motion for Pretrial Production of Brady and Rule 16 Material

Defendant has filed a motion seeking pretrial production of a variety of material pursuant to either Rule 16 or as exculpatory material under Brady v. Maryland, 373 U.S. 83 (1963).

2

The government has already provided the following relevant material, either as <u>Brady</u> material or Rule 16 discovery material, to the Defendant. In a letter to Defendant dated January 25, 2008, the government identified 14 witnesses as having potentially exculpatory information. In the letter the government provided a summary of each of the witnesses potentially exculpatory information.

The government also provided Defendant with copies of his medical records, his entire State Farm Insurance claims file, and his Erie Insurance Group claims file with witness statements redacted pursuant to the Jencks Act.

Finally, the government provided Defendant with an expert report from Daniel R. Aerni, an engineer, that summarizes Mr. Aerni's opinions and presents his supporting reasons for his opinions.

In his motion Defendant specifically requests the following potentially exculpatory material that the government did not provide:

- investigative statements from the 14 witnesses the government has identified as having potentially exculpatory information;

- investigative statements from Defendant's healthcare providers;

- investigative statements from State Farm Adjuster William Burt and Erie Insurance Group Adjuster Ronald Habursky;

- investigative statements from Erie Insurance Group employees whose statements were redacted from the Erie Insurance Group file; and

- the investigative statement of Amber Cooper, the driver of the vehicle involved in the automobile accident with Defendant.

Defendant also requests, pursuant to Rule 16(a)(1)(G), the following statements identified by Mr. Aerni in his expert report as material he relied upon, but not provided by the government:

- an FBI 302 report of an interview of Amber Cooper, the driver of the vehicle involved in the automobile accident with Defendant;

- an FBI 302 report of an interview of John Leali; and

3

- the FBI 302 reports of a November 6, 2006 and a December 11, 2006 interview with George Lyons.

Finally, pursuant to Rule 16(a)(1)(E), Defendant specifically requests that the government provide an unredacted copy of the entire Erie Insurance Group file provided by the government, or in the alternative, unredacted copies of any e-mail communications regarding the handling and evaluation of the claim that were redacted in the copy provided by the government.

### A. Applicable Law

Federal Rule of Criminal Procedure 16(a)(1)(E) requires that "Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph [documents and objects] if the item is within the government's possession, custody, or control" and "the item is material to preparing the defense," or the government intends to use the item in its case-in-chief at trial," or "the item was obtained from or belongs to the defendant.

Federal Rule of Criminal Procedure 16(a)(1)(G) requires that "Upon a defendant's request, the government must give to the defendant a written summary of any [expert] testimony that the government intends to use, . . . during its case-in-chief at trial," and the written summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Unless Rule 16(a)(1) provides otherwise, "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed.R.Crim.P. 16(a)(2). "Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [(the Jencks Act)]." Fed.R.Crim.P. 16(a)(2).

The Jencks Act provides in relevant part as follows:

**(a)** In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

4

> **(b)** After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.
> . . . .

18 U.S.C. § 3500(a) & (b).

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the government is obligated to disclose exculpatory evidence without undue delay. "To establish a Brady violation, it must be shown that (1) evidence was suppressed; (2) the evidence was favorable to the defense; and (3) the evidence was material to guilt or punishment." United States v. Risha, 445 F.3d 298, 303 (3d Cir. 2006), citing United States v. Pelullo, 399 F.3d 197, 209 (3d Cir.2005).

### B. Investigative Statements Sought Pursuant to Brady

Defendant claims that he is entitled to the investigative statements of the 14 government-identified individuals, Defendant's health care providers, Amber Cooper, and the two insurance company Adjusters. As noted above, Defendant is not entitled to statements made by prospective government witnesses except as provided under the Jencks Act. See Rule 16(a)(2). The government has met its Brady obligations with respect to the individuals identified in the January 25, 2008 letter. The government identified these 14 individuals as persons who may have exculpatory information, and provided a brief synopsis of what information each person offered that may be considered exculpatory. There is thus no Brady violation, and there is no basis upon which the court can order the government to provide the investigative statements as Jencks material prior to the time a witness has testified on direct examination at trial. We do however encourage the government to provide Defendant with Jencks Act materials approximately one week prior to trial in order to avoid any delays during trial.

5

With respect to Defendant's health care providers and the two insurance company Adjusters the government represents that none of their statements contain favorable, material evidence and thus are not even Brady material. Again, Defendant is not entitled to the investigative statements of these witnesses at this time.

With respect to Amber Cooper, we note that the government does not address Defendant's motion seeking her investigative statement as Brady material, but instead argues that Defendant is not entitled to Ms. Cooper's FBI 302 statement under Rule 16(a)(1)(G). Similarly with respect to Defendant's motion seeking production of the investigative statements from Erie Insurance Group employees whose statements were redacted from the Erie Insurance Group file, the government does not address Defendant's argument that this material was Brady material, but does argue that Defendant is not entitled to these statements under Rule 16(a)(1)(E) as they are Jencks material.

As discussed below, Defendant is not entitled to this material at this time. However, it is unclear whether the government has affirmatively and fully responded to Defendant's Brady request with regard to these individuals. See United States v. Bagley, 473 U.S. 667, 682 (1985) (prosecutor's failure to respond fully to a Brady request may impair the adversary process). We note that Defendant believes that Ms. Cooper's potential testimony will be exculpatory. Accordingly, Defendant is able to investigate this information and it cannot be said that the government suppressed favorable information known to the government but unknown to Defendant. Nonetheless, out of an abundance of caution, we believe the government should affirmatively respond to Defendant, if they have not already done so, that these individuals do not have any favorable, material information, or else disclose any arguably exculpatory information from these individuals. In either case, Defendant is not entitled to any investigative statements from these individuals, and their motion to compel such statements will be denied.

## C. Material Sought Pursuant to Rule 16(a)(1)(G)

The government provided Defendant with Daniel R. Aerni's expert report pursuant to Rule 16(a)(1)(G). Mr. Aerni identifies the following government-provided items as material he relied upon in preparing his report:

1. A diagram of the intersection of West 12th Street and Asbury Road;

2. An itemized repair bill from Collision Central at Roth for damage to the Mercedes resulting from this accident;

3. A separate report issued by Collision Central at Roth consisting of photographs of the damage to the Mercedes;

4. A Compact disc containing color photographs of the damage to the Mercedes;

5. A May 8, 2002 letter authored by Mr. George Lyons of Contemporary Motorcar;

6. An FBI 302 report of an interview of Ms. Amber Cooper;

7. An FBI 302 report of an interview of Mr. John Leali, an individual who purchased the Ford Explorer subsequent to the accident;

8. An FBI 302 report of a November 6, 2006 interview of Mr. George Lyons; and

9. An FBI 302 report of a December 11, 2006 interview of Mr. George Lyons.

After receiving the expert report Defendant requested that the government provide him with copies of the material identified above. The government provided all the items except for the FBI 302 reports. Defendant argues that he is entitled to these reports under Rule 16(a)(1)(G).

We find that the government has complied with its requirements under Rule 16(a)(1)(G). Moreover, the information Defendant seeks is not properly discoverable by Defendant under Rule 16(a)(2) except as provided under the Jencks Act. As we stated above, this is material the Defendant is not entitled to prior to the time the witness has testified on direct examination at trial. Once again, we will encourage the government to provide Defendant with Jencks Act materials approximately one week prior to trial in order to avoid any delays during trial.

### D. Redacted Statements Sought Pursuant to Rule 16(a)(1)(E)

The government provided to Defendant a copy of his Erie Insurance Group claims file with witness statements redacted pursuant to the Jencks Act. Defendant seeks to compel the government to disclose to him the redacted portions of the files pursuant to Rule 16(a)(1)(E). As discussed, any Jencks material Defendant seeks is not properly discoverable under Rule 16, and he is not entitled to this material prior to a witness testifying at trial. Accordingly, Defendant's motion will be denied.

More troubling, however, is the government's notification to the Court that Defendant has already received an unredacted copy of the Erie Insurance Group claims file in violation of the Rules of Criminal Procedure. Briefly, Defendant served a subpoena duces tecum on the Erie Insurance Group for their entire file. The subpoena purported to be issued under Rule 17 and gave a trial date of May 2008. This is troubling because Rule 17 is not a discovery mechanism and it appears that it was used by Defendant in order to circumvent Rule 16 and the Jencks Act. See Fed.R.Crim.P. 17(h) In addition, this Court has not set a trial date yet, nor did Defendant seek permission from the Court for the issuance of a subpoena with a return date prior to the date of trial. See Fed.R.Crim.P. 17(c)(1).

In light of this conduct and in recognizing our duty to ensure that the rules of procedure are followed, we will grant the government's request and order Defendant to surrender the Erie Insurance Group file he improperly obtained pursuant to Rule 17, as well as any other materials he obtained through the use of Rule 17 subpoenas. We need not at this time rule on whether the file will be subject to pretrial inspection by Defendant.

### IV. Government's Motion to Compel Discovery

The government seeks an order compelling Defendant to provide reciprocal discovery to the government in accordance with Federal Rule of Civil Procedure 16(b). The government requested the discovery in a letter to defense counsel dated January 25, 2008. To date the government has not received any discovery materials from Defendant. The Defendant responds

that it does not have any information subject to disclosure that the government does not already possess, and he recognizes his continuing duty to disclose. Notwithstanding Defendant's response, we will grant the government's motion and order Defendant to provide reciprocal discovery materials as enumerated in Rule 16(b).

ORDER

AND NOW, to-wit, this __23rd__ day of June 2008, it is hereby ORDERED, ADJUDGED, and DECREED as follows.

**1.** Defendant's Motion for Preservation and Production of Rough Notes of Interviews and Rough Drafts of Reports of Statements Taken by Government Agents (Doc. 33) be and hereby is GRANTED. The government shall preserve and retain any such rough notes and reports of interviews.

**2.** Defendant's Motion for Bill of Particulars (Doc. 35) be and hereby is DENIED;

**3.** Defendant's Motion for Pretrial Production of Brady and Rule 16 Material (Doc. 36) be and hereby is DENIED.

**4.** The government's Motion to Compel Discovery (Doc. 44) be and hereby is GRANTED. Defendant shall provide to the government reciprocal discovery materials enumerated in Rule 16(b) that the government does not already possess.

9

IT IS FURTHER ORDERED that the government shall disclose all Jencks material in accordance with 18 U.S.C. § 3500(b), but with encouragement to disclose such material no later than one week prior to trial.

IT IS FURTHER ORDERED that the government shall fully respond to any outstanding Brady requests from Defendant.

IT IS FURTHER ORDERED that Defendant shall surrender to the Court the Erie Insurance Group file improperly obtained pursuant to Rule 17, as well as any other materials obtained by Defendant through the use of Rule 17 subpoenas, to the Court forthwith. Defendant is hereby instructed to strictly comply with Federal Rule of Criminal Procedure 17.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
United States District Court Judge

cm/ecf:     counsel of record