UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | Criminal No. 07-31 Erie |
| ) | |
| MICHAEL THOMAS JOYCE ) | |
| ) | |
| ) | |

### ORDER OF COURT

AND NOW, this 24th day of November, 2008, the defendant having waived his right to a special verdict of forfeiture by the jury regarding the forfeiture allegations contained in the Indictment, the Court finds that:

1. The government has shown by a preponderance of the evidence that the defendant did acquire $440,000, which constitutes, or is derived from, the proceeds obtained, directly or indirectly, from the violations of 18 U.S.C. § 1341 contained in Counts One and Three of the Indictment.

2. The government has shown by a preponderance of the evidence that the defendant purchased the following property with proceeds obtained, directly or indirectly, from the violations of 18 U.S.C. § 1341 contained in Counts One and Three of the Indictment: (a) the real property located at 3800 Zimmerly Road, Erie, PA 16506; and (b) a 2003 Harley Davidson, VIN 1HD1BJY423Y068400.

3. The government has shown by a preponderance of the evidence that the defendant did involve $440,000 in the violations of 18 U.S.C. § 1957 charged in Counts 4 through 9 of the indictment.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that the defendant having dissipated and spent the $440,000 illegally acquired from his violations of 18 U.S.C. § 1341, and involved in his violations of 18 U.S.C. § 1957, an *in personam* forfeiture judgment in the amount of $440,000 be, and hereby is, entered against Michael Thomas Joyce and in favor of the United States of America pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure; 28 U.S.C. § 2461(c), which incorporates by reference 21 U.S.C. § 853(p); and 18 U.S.C. §982(a)(1). This forfeiture judgment will be made part of the defendant's sentence and included in his criminal judgment.

It is further ORDERED, ADJUDGED AND DECREED that pursuant to 28 U.S.C. § 2461(c), which incorporates by reference 21 U.S.C. § 853(p); 18 U.S.C. § 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, all right, title and interest of the defendant, Michael Thomas Joyce, in the following property (the Subject Property) is forfeited to the United States: the real property located at 3800 Zimmerly Road, Erie, PA 16506; and (b) a 2003 Harley Davidson, VIN 1HD1BJY423Y068400. The forfeiture of the defendant's interest in the Subject Property is final and will be

made part of the defendant's sentence and included in his criminal judgment.

It is further ORDERED that pursuant to 28 U.S.C. § 2461(c), which incorporates by reference 21 U.S.C. § 853(n); 18 U.S.C. § 982(b)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States shall begin ancillary forfeiture proceedings against the Subject Property.

It is further ORDERED that:

1. The United States shall forthwith give notice to any person or entity having or claiming a legal interest in the Subject Property and shall forthwith publish such notice in accordance with federal forfeiture law. The notice shall include notice of this Order, notice of the United States' intent to dispose of the Subject Property in such manner as the Attorney General may direct and notice that any person, other than Michael Thomas Joyce, having or claiming a legal interest in the Subject Property, must file a petition pursuant to 21 U.S.C. § 853(n) and 18 U.S.C. § 982(b)(1) with the United States District Court for the Western District of Pennsylvania at Criminal No. 07-31 within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is later.

2. This notice shall state that a petition of any person, other than Michael Thomas Joyce, having or claiming a legal interest in the Subject Property, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the

Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth: (1) the nature and extent of the petitioner's right, title or interest in the Subject Property, (2) any additional facts supporting the petitioner's claim, and (3) the relief sought.

3. The Court will adjudicate all third-party interests.

*Maurice B. Cohill, Jr.*
Honorable Maurice B. Cohill
United States District Judge