IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CR. N0. 07-31 Erie |
| | ) |
| MICHAEL THOMAS JOYCE | ) |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion for Release Pending Appeal (Doc. 119). The government has filed a Response to the motion, to which the Defendant has filed a Reply. Under the Bail Reform Act of 1984 there is a presumption that once convicted a defendant should be detained. 18 U.S.C. § 3143(b)(1). This presumption, however, can be overcome if the Court finds:

> **(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> **(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> > **(i)** reversal,
> > **(ii)** an order for a new trial,
> > **(iii)** a sentence that does not include a term of imprisonment, or
> > **(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); United States v. Miller, 753 F.3d 19, 24-25 (3d Cir. 1985).

Relevant to Defendant's motion is subsection (B)(ii) concerning whether the appeal raises a substantial question of law or fact that is likely to result in an order for a new trial. Defendant submits that we erred in permitting the government to introduce financial records (unrelated to evidence of the monetary transactions outlined in the indictment). The Defendant first raised this issue in a motion in limine, which we denied. He also renewed his objection to the introduction of certain financial records during the trial on the same grounds, which we also denied.

Defendant argued that the financial records did not contain relevant evidence, and to the extent the records did have probative value, the probative value was substantially outweighed by the danger of unfair prejudice and confusion of the issues and would be misleading to the jury. While we believe our ruling was correct, assuming that we erred by permitting these financial records into evidence we think it is not debatable that such error was harmless in light of the other evidence. Specifically, we conclude that any resulting error in permitting the evidence to be introduced did not have a "'substantial and injurious effect or influence in determining the jury's verdict.'" United States v. Toliver, 330 F.3d 607, 612 (3rd Cir. 2003) (quoting Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). We will therefore deny Defendant's motion for release pending appeal.

The following Order is hereby entered.

AND NOW, to-wit, this 31st day of March 2009, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's "Motion for Release Pending Appeal" (Doc. 119) be and hereby is DENIED.

Maurice B. Cohill, Jr.
United States District Court Judge

cm/ecf: counsel of record

2