# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| vs. | ) CR. NO. 07-31 Erie |
| MICHAEL THOMAS JOYCE | ) |

## OPINION

Presently before the Court is the Petition of Joanne F. Joyce asserting her interest in real estate that is subject to an Order of Forfeiture issued by the Court against the Defendant Michael Joyce.

On November 19, 2008, following a jury trial Michael Joyce was found guilty of two counts of mail fraud in violation of 18 U.S.C. § 1341, and six counts of money laundering in violation of 18 U.S.C. § 1957. The mail fraud convictions were based on insurance claims Michael Joyce filed for injuries sustained in an automobile accident on August 14, 2001. The money laundering convictions concern the use of funds received in settlement of his claims, including a $20,000 deposit to Sue Sutto Realtors in February, 2003, and a $94,537.74 down payment to Select Settlement Inc., in March, 2003 for the purchase of real property located at 3800 Zimmerly Road, Erie, Pennsylvania 16506 (the "Zimmerly Road property").

We entered an Order of Forfeiture dated November 28, 2008, finding, in part, that the government had shown by a preponderance of the evidence that Mr. Joyce purchased the Zimmerly Road property with funds acquired directly or indirectly from his violations of 18 U.S.C. § 1341 and involved in his violations of 18 U.S.C. § 1957. We ordered that all right, title and interest of Mr. Joyce in the subject property be forfeited to the United States pursuant to 28 U.S.C. § 2461(c), which incorporates by reference 21 U.S.C. § 853 and 18 U.S.C. § 982 (a)(1).

It was further ordered that the United States should give notice to any person or entity having or claiming a legal interest in the subject property so that a petition to amend the Order of Forfeiture may be filed pursuant to 21 U.S.C. § 853(n).

A petition was filed by ERIEBANK (ECF NO. 103), requesting that the court amend the Order of Forfeiture to recognize ERIEBANK's mortgage against the Zimmerly Road property. We granted ERIEBANK's petition by Order dated November 18, 2010 (ECF No. 152), recognizing ERIEBANK's mortgage as a valid first lien prior in right to the interest of the government.

Joanne F. Joyce, the wife of Michael T. Joyce, also filed a Petition to Assert Interest in Real Estate Subject to Order of Forfeiture (ECF No. 129), followed by an Amended Petition (ECF No. 149), claiming a third party interest in the Zimmerly Road property. She contends that pursuant to 21 U.S.C. § 853(n)(6)(B) the Order of Forfeiture should be amended to protect her interest as a bona fide purchaser for value of the right, title, or interest in the property. A hearing on the forfeiture proceedings was held on November 18, 2010. Testifying at the hearing were Gerald Stubenhofer, a real estate expert, and Joanne Joyce. For the reasons stated herein we will deny Ms. Joyce's Petition.

## I. Background

Joanne and Michael Joyce were married on July 9, 2004. Prior to their marriage the two owned and maintained separate property in Erie, Pennsylvania. Michael Joyce owned the property in question, a single-family residence located at 3800 Zimmerly Road, which he had purchased on March 19, 2003 for $360,000. Joanne Joyce owned a two-unit dwelling located at 655-657 West 10th Street, Erie, PA 16502 (the "West 10th Street property"), purchased on April 30, 1996 for $69,000.

2

On August 16, 2005, Joanne and Michael Joyce executed deeds to transfer their individual properties to marital properties. Each added the other's name to their respective deed, creating tenancies by the entirety and noting consideration in the sum of one dollar for the conveyance. At the time of the transfer, the equity Michael Joyce had in the Zimmerly Road property was $116,000 (the purchase price of $360,000 less the balance of the mortgage loan of $244,000). At the November 18, 2010 hearing, Gerald Stubenhofer, a real estate appraiser, testified that at the time of the August 16, 2005 transfer Joanne Joyce's West 10th Street property had appreciated in value to $100,000. She owed a mortgage balance of approximately $25,000 at the time of the transfer, leaving her with equity in the property of approximately $75,000.

On March 3, 2007, Joanne and Michael Joyce refinanced the Zimmerly Road property by taking out a line of credit mortgage loan of $350,000 through ERIEBANK. As a result, Joanne and Michael Joyce had joint and severable liability for the mortgage on the Zimmerly Road property. Between April 30, 2007 and November 24, 2008, $26,614.97 in mortgage payments for the Zimmerly Road property were made from a joint checking account of Michael and Joanne Joyce. Additional contributions made by Joanne Joyce to the Zimmerly Road property include payments of $14,004.11 made March 6, 2007 on the ERIEBANK line of credit, $11,717.12 for the installation of a deck, and $821.50 for a Whirlpool oven.

On August 2, 2010, the West 10th Street property was transferred back to Joanne Joyce. She testified that Michael Joyce never contributed to the upkeep or maintenance of the property and that he was removed from the deed because she felt his incarceration would make it difficult to obtain a home equity loan.

## II. Discussion

Section 2461(c) of Title 28 authorizes the government in a criminal case to pursue civil or criminal forfeiture of defendant's property and provides a mechanism for the court to order forfeiture as part of the sentence upon conviction. In this case, the government sought, and obtained, criminal forfeiture against Michael Joyce pursuant to 18 U.S.C. §§ 982(a)(1) & (a)(2)(A). Following the Order of criminal forfeiture, the United States is required to publish notice of its intent to dispose of the property including, to the extent practicable, notice to any person known to have alleged an interest in the property subject to forfeiture. 21 U.S.C. § 853(n). Any person asserting legal interest in property ordered forfeited may petition the court for a hearing to adjudicate the validity of her interest in the property. The court shall amend the order of forfeiture if at the hearing if the petitioner has established by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and as such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture under this section...

21 U.S.C. § 853(n)(6).

Joanne Joyce contends that due to her third party interest in the Zimmerly Road property, the Court should amend its Order of Forfeiture. While she concedes that § 853(n)(6)(A) does not

4

apply in this case because she did not have an interest in the property at the time of the commission of the acts which gave rise to forfeiture, she argues that she qualifies as a bona fide purchaser under § 853(n)(6)(B).[1]

To succeed under section 853(n)(6)(B), Ms. Joyce must demonstrate: (1) that she had a legal "right, title, or interest in the forfeited property;" (2) that was acquired as a "bona fide purchaser for value"; and (3) that she was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture. Lavin, 942 F.2d at 179. The petitioner bears the burden of proving her claim. See United States v. Nava, 404 F.3d 119, 1125 (9th Cir. 2005); United States v. Gilbert, 244 F.3d 88, 911 (11th Cir. 2001).

Ms. Joyce argues that under a liberal interpretation of section 853(n)(6)(B), a "bona fide purchaser for value" would include all persons who give value to the defendant in an arm's-length transaction with the expectation of receiving equal value in return. Petitioner's Br. Supp. Am. Pet. 6, *citing* United States v. Reckmeyer, 836 F.2d 200, 208 (4th Cir. 1987). Ms. Joyce further argues that the circumstances of her case qualify her as an innocent purchaser for value whose interest in the subject property is, or should be, protected by section 853(n)(6)(B).

In support of her contention that she is a bona fide purchaser for value, Ms. Joyce explains as follows. When she and Michael Joyce executed deeds transferring their respective interests in their properties, she provided valuable consideration to Michael Joyce by transferring the equity from her West 10th Street property and received value by acquiring equity from Michael Joyce in the Zimmerly Road property. She contributed further value by paying

---

[1] Ms. Joyce may have had different defenses available if this were a civil, rather than criminal, forfeiture proceeding. Section 983 of Title 18 outlines the procedures for civil forfeiture proceedings, and section 983(d) provides an innocent owner defense. There is no analogous provision under § 853. Joanne Joyce concedes the innocent owner defense does not apply in this case because it is a criminal forfeiture proceeding.

5

$14,004.11 in cash towards the refinance of the Zimmerly Road property. She also paid approximately $11,717.72 for deck construction on the Zimmerly Road property and $821.50 for an oven. Following the refinance of the Zimmerly Road property, mortgage payments were paid from a joint marital account, and Ms. Joyce incurred liability as a result of the March 3, 2007 refinancing of the Zimmerly Road property. Finally, she points out that she had no knowledge of the criminal activity giving rise to the forfeiture since she did not learn of the investigation into the criminal activity until after the March 2007 refinancing, and did not have knowledge that the Zimmerly Road property would be subject to forfeiture until the Order of Forfeiture was entered.

As an initial matter, it is undisputed that the government's interest in the Zimmerly Road property vested at the time of the act giving rise to the forfeiture in early 2003, prior to any interest Ms. Joyce acquired in August, 2005. 18 U.S.C. § 853(c). We further note that section 853(n)(6)(B) "reflects [the] common-law rule . . . that an 'innocent purchaser for valuable consideration must be protected.'" Lavin, 942 F.2d at 186, quoting Mowrey v. Walsh, 8 Cowen 238, ---- (N.Y.1828). The Third Circuit Court in Lavin, explained the interaction of these two propositions as follows:

> After the commission of the criminal acts, title to the forfeitable property, by operation of the relation-back clause, actually belongs to the government. The property itself, however, generally remains in the criminal defendant's physical possession until the government discovers the criminal acts and takes possession of the forfeitable property. While the forfeitable property is in the defendant's possession, the defendant possesses only voidable title, but ordinarily, a prospective purchaser of the forfeitable property will have no notice that the defendant lacks a valid, transferable interest. Section 853(n)(6)(B) ensures that, if indeed the defendant transfers the forfeitable property for value to a purchaser who, at the time of the purchase, is without knowledge of the government's interest in the property, the government may not later assert title superior to that of the innocent purchaser.

Id. In refusing to extend section 853(n)(6)(B) to include as a bona fide purchaser for value a petitioner who was a victim of the defendant's embezzlement, the Court stated:

6

> The legislative history of section 853(n), contrary to [the petitioner's] contentions, does not evince a broad-based intent to protect the interests of all innocent third parties. Congress instead defined two rather limited categories of third parties [under sections 853(n)(6)(A) and (B)] who are entitled to petition the courts for a hearing to adjudicate the validity of their interests in the forfeited property.

Id. Thus, under section 853(n)(6)(B) we consider whether the petitioner engaged in an intentional, arm's-length transaction with the defendant to acquire the defendant's interest in the forfeited property. We conclude that Ms. Joyce's transactions with Mr. Joyce were not arm's-length transactions, and that she did not acquire Mr. Joyce's interest in the Zimmerly Road property.

The government argues that Ms. Joyce must establish that she purchased her *husband's* interest in the subject property, not just acquired her own joint interest. Gov't Resp. 2, *quoting* United States v. Morgan, 2002 WL 922107, *2 (to establish "bona fide purchaser for value" status "a petitioner must show that she purchased the defendant's interest in the subject property in an arm's-length transaction"), *citing* Kennedy, 201 F.3d at 1330 & Lavin, 942 F.2d at 188.

We agree that Ms. Joyce is unable to establish that she purchased her husband's entire interest in the property.

Ms. Joyce did not purchase the Zimmerly Road property with Michael Joyce in 2003. Instead, she obtained an interest in the property from Michael Joyce when the deed was transferred from his name to a tenancy in the entirety owned by husband and wife in 2005. Ms. Joyce focuses on the fact that she is not a contemporaneous purchaser of the property in order to distinguish cases that are otherwise contrary to her position. She further argues that she is a subsequent purchaser *for value* because "she transferred into her name and Michael T. Joyce's name property she had owned separately since April 30, 1996 at 655-657 West 10th Street, Erie, Pennsylvania [and] [i]n exchange, her name was added to the Zimmerly Road property." Id.

7

We agree that Ms. Joyce is not a contemporaneous purchaser of the property because she "purchased part of Michael T. Joyce's interest in the property more than two years [after Mr. Joyce's purchase] on August 16, 2005". Petitioner's Reply to Gov't's Resp. 3-4. However, we are unable to view the evidence in any way to show that Ms. Joyce ever purchased her husband's interest in the Zimmerly Road property. United States v. Kennedy, 201 F.3d 1324, 1329-30 (11th Cir. 2000)(noting that the question is did the petitioner-wife "ever purchase [*her husband's*] interest in the property."). Ms. Joyce surely obtained her own interest in the tenancy by the entireties, and that interest could only come from Michael Joyce, but that is "not relevant" when she has never purchased Mr. Joyce's entire interest. Id. at 1330. The character of the property was always a tenancy by the entirety. Thus, we conclude that Ms. Joyce did not acquire Michael Joyce's interest in the Zimmerly Road property.

Even if Ms. Joyce had purchased Michael Joyce's interest in the Zimmerly Road property the transaction was not an arm's-length transaction. Since Ms. Joyce argues that a more liberal interpretation of "bona fide purchaser for value" is justified in this case, she does not explicitly argue how the transactions between her and her husband qualify as arm's-length transactions. Ms. Joyce appears to argue that the transaction was arm's-length because she and her husband executed simultaneous quit claim deeds on their respective properties; that is, she argues that they engaged in a commercial transaction wherein Ms. Joyce gave equity in her property to Michael Joyce in exchange for equity in his property.

We are unable to conclude that the transactions were anything more than spouses joining their respective property interests subsequent to marriage. The two quit claim deeds executed by the parties indicate no consideration beyond the nominal amount of $1 noted on the instrument. Neither instrument mentions that the equity in the other party's property is also part of the

consideration. We recognize that the fact that the deeds were executed at the same time as evidence that there is a connection between the deeds, but conclude that the obvious and typical connection here is the fact the parties were joining their respective properties because they were married. If the parties had intended to engage in an arm's-length commercial transaction centered on an exchange of equity value it would normally be made explicit in the instruments precisely because it is not typical. Ms. Joyce's later contributions of paying for substantial improvements to the home, purchasing items for the home, and contributing funds to pay down the line of credit mortgage are simply not transactions that involve a purchase of Michael Joyce's interest in the property. We also note that no transfer tax was paid and no compensation was paid to Michael Joyce in exchange for the alleged equity interest he acquired in the West 10th Street property when he was removed from the deed on July 30, 2010. This lack of consideration implies that the parties did not consider that Michael Joyce's interest in the West 10th Street property was anything more than a tenancy by the entirety.

Based upon our review of the evidence we find that Joanne Joyce has not met her burden of proving that an arm's-length transaction occurred with Michael Joyce to transfer an interest in the Zimmerly Road property to her as a bona fide purchaser for value. While it may be possible for such a transaction to occur outside the commercial context and between spouses, the petitioner at minimum must be able to prove that she negotiated the transaction with an expectation that she would receive equivalent value in return, thereby protecting her own interest. Ms. Joyce is unable to make such a showing in this case.

### III. Conclusion

For the reasons stated above we conclude that Joanne Joyce is not a bona fide purchaser for value under section 953(a)(6)(B) such that we must amend the Order of Forfeiture to recognize her interest in the Zimmerly Road property. We are sympathetic to Ms. Joyce, as she indeed is an innocent owner, but there is no innocent owner defense available in this criminal forfeiture proceeding, and we are unable to conclude that she is otherwise entitled to an order amending the forfeiture of the property in this case. Accordingly, we will deny Ms. Joyce's petition. Therefore, the Order of Forfeiture (ECF No. 99), dated November 24, 2008, as amended by the Order (ECF No. 152) in favor of ERIEBANK, dated November 18, 2010, is final.

AND NOW, to-wit, this 22nd day of March, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that Joanne F. Joyce's Petition to Assert Interest in Real Estate Subject to Order of Forfeiture (ECF No. 129) and her Amended Petition to Assert Interest in Real Estate Subject to Order of Forfeiture (ECF No. 149) be and hereby are DENIED, without prejudice to petitioner to present any appropriate petition for relief to the Attorney General pursuant to 21 U.S.C. § 853(i)(1).

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge